BLANCHE, Judge.
Plaintiffs-appellants in these two suits appeal from the judgment of the trial court dismissing their demands against the defendant-appellee, Aetna Casualty & Surety Company, on an exception of prescription. For purposes of this appeal the cases have been consolidated, though separate judgments will be rendered in each. Plaintiffs allege that they furnished certain materials for the construction of a Travelodge Motel *397 in Morgan City, Louisiana. Haro Investment Corporation, one of the defendants herein and the owner of the land on which the motel was to be constructed, entered into a written contract dated March 25, 1965, for the construction of said motel with Allen Construction Company. Aetna Casualty & Surety Company was the surety and guaranteed the faithful performance of the contract. The aforesaid contract and bond were recorded in Mortgage Book 236, Folio 164, Entry No. 90,226, of the Records of St. Mary Parish, Louisiana.
Thereafter, Haro executed an affidavit of acceptance, accepting the work done under the aforesaid contract, though the work under the contract was not substantially completed. The acceptance was recorded in Mortgage Book 253, Folio 87, Entry No. 95,513, of the Records of St. Mary Parish on September 29, 1966. The record in these two cases established that both petitions seeking to make Aetna liable on its bonds were filed subsequent to September 29,1967, or more than one year after the recordation of the acceptance by the owner. To these petitions Aetna filed an answer setting up a plea of prescription, and the trial judge permitted a preliminary hearing on that issue alone.
The applicable statutory provision relied on by Aetna is contained in R.S. 9:4814(B), providing that:
“ * * * Any action against the surety must be brought within one year from the registry of acceptance of the work or of notice of default of the contractor *
Thus, it is argued that plaintiffs lost their right to proceed against Aetna for having failed to bring their action within the prescriptive period of the statute.
To avoid the clear language of the foregoing statute, plaintiffs argue that the acceptance filed by the owner Haro is a nullity since it did not meet the requirements of R.S. 9:4802.1, which reads as follows:
“Whenever any contract for the repair, reconstruction, erection, construction or improvement of any work on immovable property is entered into in accordance with the provisions of R.S. 9:4802, the owner may have recorded in the office of the Clerk of Court or the recorder of mortgages of the parish where work is executed an acceptance of said work, or of any specified area either on completion of the work accepted, or, at its discretion, upon substantial completion of the work or of any specified area thereof, upon recommendation of the architect or engineer of the owner. ‘Substantial completion’ is defined for the purposes of this Chapter, as the finishing of construction, in accordance with contract documents as modified by any change orders agreed to by the parties, to the extent that the owner can use or occupy the works or use or occupy the specified area of the works for the use for which it was intended. The recordation of an acceptance in accordance with the provisions of this Section upon substantial completion shall be effective as an acceptance for all purposes under this Chapter." (Emphasis supplied)[1]
We view the foregoing statute as permitting the owner to record an acceptance of work done under the contract either on completion of the work, or in his discretion, upon substantial completion of the work. The acceptance may be as to all of the work or as to any specified area of the work. While the statute does not require the filing of an acceptance, it does specify the conditions under which an acceptance is to be filed. The statute does not prohibit an owner from filing an acceptance if he so chooses before the work is completed. However, insofar as the rights of third parties are concerned, any acceptance filed, except in *398 accordance with the above provisions, i. e., upon completion or substantial completion, is a nullity.
We are fortified in this view when we consider the importance of the filing of an acceptance to the enforcement of the privilege in favor of laborers and materialmen. The preservation and enforcement of their lien is dependent on the filing of an acceptance. Reference to the provisions of R.S. 9:4802 will disclose that in order to preserve the privilege on the improvements and the land upon which they are situated, every person having a claim against the undertaker of the work shall serve upon the owner a detailed statement of his claim and record the same not later than thirty days after the recordation of the acceptance by the owner of the work done under the contract.
Where the contract between the owner and the contractor is reduced to writing and duly recorded, together with a surety bond for the faithful performance of the contract, no remedy may be had against the surety unless suit is brought within one year from the registry of the acceptance of the work. R.S. 9:4814.
Thus, it is apparent that insofar as third parties are concerned the filing of an acceptance is no idle gesture. Making a valid acceptance of work done under the contract dependent on completion or substantial completion also accords with the intent of the parties. We believe parties entering into building contracts look to the satisfactory completion of all the work done thereunder or possibly under some conditions look to the substantial completion of the work thereunder or of any specified area thereof. On the other hand, furnishers of material and labor would hardly expect that the work would be accepted prior to the time that the work was actually completed or at least substantially completed.
Considering that the rights of parties are made dependent on the filing of an acceptance, we are inclined to require strict compliance with the provisions of R.S. 9:4802.1. The acceptance filed herein not having been filed in compliance therewith, we hold that the prescriptive period provided for by R.S. 9 ¡4814 never commenced to run.
Appellee relies on the case of DeFrances Marble and Tile Company v. Coxe, 148 So.2d 83 (La.App, 1st Cir. 1962), certiorari denied, 244 La. 114, ISO So.2d 583. There we were called upon to decide whether a lien filed by a subcontractor more than thirty days after the owner’s acceptance of the written, recorded and bonded building contract would preempt certain mortgages recorded before the subcontractor’s lien was recorded. In that case we held that the rights of third parties such as mortgage holders who relied on the public records would be protected in the absence of notice of an unrecorded encumbrance even though the owner in that case filed the acceptance fraudulently inasmuch as the work undertaken by the plaintiff was far from complete at the time the acceptance was filed.
When the DeFrances case was decided, there was no statutory provisions regulating the acceptance of work by the owner. Thereafter, in the Regular Session of the Louisiana Legislature of 1964, Act 317 created R.S. 9:4802.1 and for the first time provided that the owner may file an acceptance upon completion of the work or upon substantial completion thereof. Thus, DeFrances was decided in the absence of a regulatory measure as to the conditions under which acceptances may be filed. Presently R.S. 9:4802.1 gives notice to all as to when the owner may file an acceptance and all parties whose rights are dependent thereon are obliged to be concerned if the acceptance was filed in accordance therewith.
JUDGMENT IN NO. 8316
For the above and foregoing reasons, the judgment sustaining the plea of prescription of one year filed by defendant, Aetna Casualty & Surety Company, and dismissing plaintiff’s action be reversed and set aside *399 and judgment rendered herein in favor of plaintiff overruling said exception of prescription in Suit No. 8316, It is further ordered that this matter be remanded to the trial court for further proceedings consistent with the views herein expressed; the costs of this appeal to be paid by defendant-appellee, Aetna Casualty & Surety Company.
Reversed and remanded.
JUDGMENT IN NO. 8349
For the reasons set forth above, the judgment sustaining the plea of prescription of one year filed by defendant, Aetna Casualty & Surety Company, and dismissing plaintiff’s action be reversed and set aside and judgment rendered herein in favor of plaintiff overruling said exception of prescription. It is further ordered that this matter be remanded to the trial court for further proceedings consistent with the views herein expressed; the costs of this appeal to be paid by defendant-appellee, Aetna Casualty & Surety Company.
Reversed and remanded.

. This statutory provision was added to Chapter 2, “Privileges on Immovables,” Part I, “Private Works,” by Act 317 of the Regular Session of the Louisiana Legislature, 1964.