REDMANN, Judge.
The time for filing suit against a building contract surety runs from “the registry of acceptance of the work” (or default), La.R.S. 9:4814, subd. B. Effective acceptance may be made upon “substantial completion,” meaning completion “to the extent that the owner can use or occupy the works . . . for the use for which it was intended,” R.S. 9:4802.1.
This appeal by a surety argues that it is the claimant’s burden to prove that an acceptance was premature and therefore ineffective to start the limitative period. The surety seeks dismissal of the claimant’s suit because not filed within one year from the registry of acceptance (and also because the claimant’s notice, required by R.S. 9:4814, subd. C, was not filed within 30 days of registry of acceptance). The trial judge rejected this defense on the basis that no effective acceptance was ever recorded. We affirm.
The basic facts are that plaintiff is an unpaid supplier of materials to a subcontractor. The acceptance was filed February 16, 1971; plaintiff’s claim was filed March 29, 1971, and this suit was filed February 2, 1973.
From the time of Louisiana’s first civil code, the Digest of 1808, p. 470, art. 75, a privilege has been granted by law to “[architects and other undertakers, brick layers and other workmen, employed in constructing, rebuilding or repairing houses, or making other works, on the said houses or works by them constructed, rebuilt or repaired.”
The Civil Code of 1825, art. 3216(3), added to the privileged creditors “[tjhose who have supplied the owner with materials . . .
The Civil Code of 1870, art. 3249(3), extended this security to “[tjhose who have supplied the owner or other person employed by the owner, his agent or subcontractor, with materials . . : . ”
La.Acts 1926, No. 298 supplanted the Civil Code’s provisions and provided the basic scheme of today’s building contract law (R.S. 9:4801-9:4820). The timely rec-ordation of the building contract and its proper bond has the ultimate effect of substituting the bond liability of contractor and solvent surety for the worked-on property as security for all claimants (other than the contractor himself); see R.S. 9:4802. (If the surety is not solvent, R.S. 9:4806 preserves the claimants’ privileges against the property.)
Presumably because the bond surety takes the place of the improved property, to secure claimants whose work or material has increased the value of the property, the law declares a policy against any construction which would “deprive any claimant of his right of action against the surety . . . .” R.S. 9:4814, subd. A.
Accordingly, R.S. 9:4814, subd. C, enacted in 1960, is an abrupt change from Louisiana’s ingrained policy of securing payment (to those whose work or material has improved an immovable) either by privilege against the improved immovable or by the suretyship of a solvent surety. R.S. 9:4814, subd. C is by its own terms an exception, which w.ould suggest that a surety claiming the benefit of its exceptional provision bears the burden of proving its applicability.
Similarly R.S. 9:4802.1, enacted in 1964, to make effective acceptance prior to job completion, must be regarded as a reversal *648 of deep-rooted principle. While it may have other desirable effects, its evident effect upon claimants is to reduce their opportunity to perfect both privilege on land and claim against surety. R.S. 9:4802.1, insofar as it makes acceptance upon substantial completion the equivalent of acceptance upon actual completion, itself states an exception to the ordinary meaning (see La. C.C. art. 14) of R.S. 9:4802’s and 9:4814’s “acceptance.” Thus a surety claiming the benefit of a “substantial completion” acceptance should bear the burden of proving substantial completion.
As a last premise, we note the general rule that one pleading prescription has the burden of proving it; Craig v. Montelepre Realty Co., 1968, 252 La. 502, 211 So.2d 627.
Here, the surety asks dismissal of the claim on the grounds that (a) the lien was not recorded within 30 days of recor-dation of acceptance, R.S. 9:4802 and 4814, subd. C, and (b) suit was not instituted within one year of recordation of acceptance, R.S. 9:4814, subd. B.
It is not disputed that the acceptance was filed prior to actual completion. Thus the filed acceptance was incorrect in reciting that the “contractor has satisfactorily performed everything required to be done by said contract.” (Our emphasis.) We pretermit whether this wording of the acceptance is acceptable for an acceptance upon substantial completion. We conclude that a surety who pleads untimeliness of lien and suit, on the basis of a recorded acceptance on substantial completion, bears the burden of proving substantial completion.
Our surety arguably proved, from governmental permits and tax documents, that the motel portion of the building was at least partly usable as a motel by February 19, 1971. But the only evidence of usability as of February 15 or 16 (the dates of executing and recording the acceptance) was a motel payroll record showing six people had been paid a half month’s wages for the period ending February 28. There was no evidence of usability of the restaurant portion of the building as of February 15. Moreover, since the motel portion contained 62 rooms, perhaps some rooms may have been usable, but not necessarily all. The six people on the motel payroll were a manager, a housekeeper, one maintenance man, one maid, one desk clerk and one “houseman.” Approximately 20 people were on the payroll as of February 19 or so. The motel secretary-treasurer, familiar with other motel operations, testified: “For the opening of the motel I would say this is an average number because we have more employees now but ■ we also have more rooms and apartments to rent." (Emphasis added.) This testimony is not elsewhere explained, but it must mean either that an addition was constructed (and occupied) within less than two years from completion of the original 62-room building, or else that not all 62 rooms of the original building were usable when the motel in fact opened.
We conclude the trial court had sufficient basis to hold the surety did not prove substantial completion as of February 15 or 16.
The surety alternatively argues that, as a minimum, the building was substantially completed and in actual operation by about February 19 (when a full opening staff of 20 was on the payroll). Plaintiff’s March 29 lien was filed over 30 days thereafter, and its suit over a year thereafter. We cannot accept this argument, because we are prohibited by R.S. 9:4814, subd. A from construing the building contract law to deprive a claimant of an action against the surety. We cannot interpret “registry of acceptance” to mean the time when proper acceptance and registry could have been had.
Finally we note the surety’s attractive argument that construing a premature acceptance as no acceptance leaves the surety unprotected by any short-term prescription. *649 This is especially objectionable, the surety argues, because its position becomes worse than that of an owner who does not even record the contract: any suit against such an owner or the property must be filed within one year of recordation of the claim, R.S. 9:4812. We note that recordation of the claim (not the acceptance) also begins the one year period for suit against property or owner under both R.S. 9:4802 (timely recorded contract with proper bond) and 9:4806 (timely recorded contract but without proper bond). Ordinarily, the action against the surety would become unenforceable sooner than the privilege, because the surety’s year runs from acceptance, which typically occurs earlier than lien claim (see R.S. 9:4802). We again conclude that we are prohibited by R.S. 9:4814, subd. A from construing provisions applicable to the property or to the owner to deprive claimants of the right of action against the surety.
We view the surety’s problem as innate to R.S. 9:4802.1’s "acceptance” of an uncompleted contract. If, indeed, this contract was not substantially completed within the statutory definition, the acceptance’s nullity is the same in kind as that of Capitol Hdwe. Co., Inc. v. Allen Constr. Co., La.App. 1971, 248 So.2d 396. Although our contract was more nearly completed than that in Capitol, there are no degrees of nullity of an acceptance that is premature even as a substantial completion acceptance.
There was never a legal acceptance recorded to start the applicable time periods, and the periods have therefore not run and plaintiff’s suit is not barred.
Affirmed.
BEER, J., dissenting.