SANDERS, Chief Justice.
Trans-Gulf Construction Company, as contractor, and Lodian Enterprises, Inc., as owner, entered into a written contract for the construction of a motel, with Travelers Indemnity Company as surety on the contractor’s bond. Plaintiff, Lighting, Inc., furnished electrical supplies to a sub-contractor during the course of construction. *455 When Lighting was not paid, it brought suit against the contractor, the owner, the sub-contractor, and the surety. No service of citation was made on the owner or subcontractor. The contractor did not answer, and a preliminary default was entered against it. The case went to trial on the pivotal issue of whether the demand against the surety for the cost of the electrical supplies was barred by prescription.
The district court rendered judgment in favor of plaintiff against the surety, holding that since the formal acceptance of the work by the owner was prematurely filed, the one-year statutory prescription never began to run. With a divided court, the Court of Appeal affirmed the judgment. See La.App., 307 So.2d 646. On application of the surety, we granted writs to review the Court of Appeal judgment. La., 310 So.2d 838. We reverse the judgment and dismiss the suit.
The present action is one against the surety on a contractor’s bond. The action is governed by LSA-R.S. 9:4814, which provides in pertinent part:
"B. . . . Any action against the surety must be brought within one year from the registry of acceptance of the work or of notice of default of the contractor. . . .
"C. Before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he must record his claim as provided in R.S. 9:4802 or give written notice to said contractor within thirty days from the recordation of the notice of acceptance by the owner of the work or notice by the owner or default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. . . . ”
LSA-R.S. 9:4802.1 provides;
“Whenever any contract for the repair, reconstruction, erection, construction or improvement of any work on immovable property is entered into in accordance with the provisions of R.S. 9:4802, the owner may have recorded in the office of the Clerk of Court or the recorder of mortgages of the parish where work is executed an acceptance of said work, or of any specified area either on completion of the work accepted, or, at its discretion, upon substantial completion of the work or any specified area thereof, upon recommendation of the architect or engineer of the owner. ‘Substantial completion’ is defined for the purposes of this Chapter, as the finishing of construction, in accordance with contract documents as modified by any change orders agreed to by the parties, to the extent that the owner can use or occupy the works or use or occupy the specified area of the works for the use for which it was intended. The rec-ordation of an acceptance in accordance with the provisions of this Section upon substantial completion shall be effective as an acceptance for all purposes under this Chapter.” (Emphasis supplied.)
Under the above statutes, a furnisher of materials to a sub-contractor, who has no contractual relation with the contractor, has a right of action against the contractor’s surety only if he records his claim within thirty days after recordation of the acceptance. The furnisher of materials must then bring suit within one year from the registry of the acceptance.
In the present case, the owner recorded a written acceptance of the work on February 16, 1971. Plaintiff recorded its claim on March 29, 1971. Suit was brought on February 2, 1973. It is readily apparent, therefore, that absent an overriding legal exception, neither the claim nor the suit was timely filed. Plaintiff instituted its suit almost two years after the recordation of the acceptance.
The plaintiff contends, however, that the owner’s acceptance was recorded before *456 substantial completion of the work and that the statutory prescription never began to run.
The Court of Appeal found that the work was not substantially complete on the date of the registry of the acceptance. It held that the acceptance was null and that prescription never began to run, declining to consider evidence that the work in any event was substantially complete three days after the acceptance. The Court of Appeal cited Capitol Hardware Co., Inc. v. Allen Construction Co., La.App., 248 So.2d 396 (First Cir., 1971).
Under the statute, a building is considered substantially complete when the construction in accordance with the contract has proceeded to a point that the owner can occupy the building for the intended use. Here, the factual question of whether the motel was substantially complete on February 16, 1971, the date of registry of the acceptance, is a close one. Nonetheless, assuming that substantial completion had not been achieved, as the Court of Appeal found, the project was substantially complete no later than February 24, 1971.
On February 19, the motel had a full opening staff of twenty. The staff included a manager, desk clerks, maids, housekeepers, and maintenance personnel. The initial occupational license for business operations commenced February 19, 1971. The Sales Tax Registration Certificate also had an effective date of February 19, 1971. The Jefferson Parish Department of Safety issued a certificate on February 19, 1971, that all electric wiring and equipment had been inspected and that no violations of the Jefferson Parish Electrical Code had been noted. A small delivery of glassware for the bath fixtures occurred on February 24, 1971, but the invoice fixes its value at less than ten dollars.
The holding of the Court of Appeal that a premature acceptance is null and that, as a result, the statutory prescription never commences to run has no support in law. It is true that Capitol Hardware Co. v. Allen Construction Co., supra, a decision of the intermediate Court of Appeal, made such a pronouncement, but it cited no authority for erasing the legal consequences that normally flow from the actual completion of a structure.
We find nothing in the statute which allows an owner’s premature acceptance to wipe out the one-year prescription in favor of the surety. To impose such a penalty on the surety should require clear statutory authority.
An acceptance is a notice of completion. It becomes operative when it conforms to the facts of construction.[1] We think the better view is that a prematurely recorded acceptance is inchoate and becomes operative when the building is complete or substantially complete. At that time, the two essential factors concur: rec-ordation and completion. To hold otherwise would mean that the misjudgment of the owner in assessing substantial completion, though in good faith, would defeat the prescription in favor of the surety contrary to the legislative purpose.
We hold, therefore, that the owner’s acceptance became effective on February 24, 1971. Since the plaintiff’s suit was filed more than a year later, it was not timely.
For the reasons assigned, the judgment of the Court of Appeal is reversed. Judgment is rendered in favor of defendant, Travelers Insurance Company, and against the plaintiff, Lighting, Inc., sustaining the peremptory exception and dismissing plaintiff’s suit at its cost.

. Contrast LSA-R.S. 9 :4816, subd. B, which provides that, under the special circumstances set forth in that section, an affidavit by the owner and contractor and the acceptance by the owner shall be deemed “conclusive evidence” of the date of completion.