LOTTINGER, Judge.
This is a suit by William D. Culps and Barbara L. Culps, husband and wife, against United States Fidelity and Guaranty Company arising out of an automobile accident. There was judgment by the Lower Court in favor of petitioner, William D. Culps, and against defendant, for special damages in the sum of $2,487.94, *571 and in favor of petitioner, Barbara L. Culps, and against defendant for personal injuries in the sum of $6,000.00. The defendant has taken this appeal and petitioner has answered the appeal seeking an increase in quantum.
The accident in question occurred at about 7:10 o’clock p.m. on May 22, 1965, on Florida Boulevard in front of the Bon Marche Shopping Center in Baton Rouge, Louisiana. Both petitioners were riding as passengers in a vehicle which pulled up behind another vehicle and stopped for a red light. After the vehicle in which the petitioners were riding had come to a stop, another vehicle driven by Linda Ann Burbank struck the Culps’ vehicle from behind and knocked it into a vehicle which was stopped in the front of the Culps’ vehicle. Mrs. Culps sustained what is commonly referred to as a “whiplash” injury as a result of the two impacts.
There is no question but that there was negligence on the part of Linda Ann Burbank, as is admitted by defendant, and we are only here concerned with the question of quantum of damages to the two petitioners. The United States Fidelity and Guaranty Company was the liability insurer of the automobile driven by Linda Ann Burbank and, thus, appears in this suit as defendant.
Mr. Culps, as head and master of the community, was awarded the sum of $2,-487.94, in special damages by the Lower Court while Mrs. Culps was awarded the sum of $6,000.00 for her personal injuries.
Defendant contends that the Lower Court erred in allowing $517.08 to Mrs. Culps for loss of earnings, and in allowing to Mr. Culps a $345.00 medical bill for Dr. J. E. Toups and two bills of Our Lady of the Lake Hospital in the sum of $1,101.13. The defendant also complains of the judgment of $6,000.00 for pain, suffering, etc. to Mrs. Culps.
The record shows that Dr. J. E. Toups treated Mrs. Culps for a period from July 31, 1965, through February 17, 1966. In his physical examinations, Dr. Toups found tenderness over the left shoulder, poster-iorly, or over the back of the shoulder, and slight tenderness over both lower quarters of the abdomen. She was hospitalized at Our Lady of the Lake Hospital from August 3 to August 14 of 1965, for malteria of the left shoulder girdle due to the whiplash and a chronic disfunction of the liver, the latter having no connection with the accident. The doctor testified that Mrs. Culps was hospitalized primarily because of the whiplash injury which she received in the accident and that the malfunction of the liver would not have required hospitalization. However, certain tests and other treatment were performed on Mrs. Culps while she was hospitalized for the liver complaints which were not related to the accident. Mrs. Culps was readmitted to the hospital on September 15, 1965, where she remained until October 8, 1965, because of the same condition which Dr. Toups had previously' described relative to the whiplash injury. While there, Dr. Toups also diagnosed a stomach ulcer and three abscessed teeth were removed. Although the liver condition, the stomach ulcer and the abscessed teeth were not related to the accident, they were all combined in the hospital and doctor bill with the accident related injuries. At the time these bills were offered into evidence by counsel for petitioners, a timely objection was made by counsel for defendant because of the fact that the items on said bills which resulted from the accident had not been properly established by the petitioner. Upon said objection, counsel for petitioner stated that he realized that such items had not been properly established, however, that he did propose to prove same. There is no evidence in the record to prove the items of expense which were incurred as a result of the accident.
The same deficiency is found with regard to the claim of loss of wages by petitioner. Mrs. Culps was absent from her regular work during the period that she *572 was hospitalized as well as on a number of occasions when she visited her doctors. In view of the fact that during this time she was being treated for reasons other than those resulting from the accident, we feel that Mrs. Culps has failed to adequately establish the amount of time which she lost from work as a result of the accident. Again a timely objection was made by defendant to the introduction of the letter relative to loss of wages.
As a general‘rule, plaintiff must specifically prove each item of damages in order to recover. An exception to this rule has been recognized in instances where there is obvious damages, but the quantum is not susceptible to the most accurate of proof. Under the circumstances of this exception, the Trial Court must use its own discretion in assessing damages, predicated on the testimony and evidence adduced. Sutherlin Sales Co. v. United Most Worshipful, etc., La.App., 27 So.2d 253. The exception to the general rule, however, does not apply to the situation before us. The petitioners had ample opportunity and witnesses to prove the various charges, and stated to the Court that they proposed to do so. However, the record is void of such proof.
In Ewen v. Bloch, 173 So.2d 314, this Court, speaking through Judge Landry, set forth the following standard for establishing causal connection:
“The jurisprudence of this state is well established to the effect that to fulfill his obligation of proving causal connection between damages sustained and defendant’s alleged negligence, plaintiff must produce evidence which excludes, with a fair amount of certainty, every other reasonable hypothesis excepting the one relied on by the plaintiff.”
In Cook v. City of Shreveport, La.App., 134 So.2d 582, the Court held that uncorroborated loss of earnings and uncorroborated medical and drug bills must, upon timely objection, be disallowed. In Champagne v. Hearty, La.App., 76 So.2d 453, the Court held that an uncorroborated medical bill would not, when challenged, support a claim for medical expenses.
Although the petitioners did prove that they sustained damages as a result of the accident for which they are entitled to recover, the extent of such damages have not been adequately proved so that the Court may, with any degree of certainty, establish the amount thereof. We, therefore, feel that the Lower Court erred in awarding these items of damages which were not properly established and, in the interest of justice, the matter will be remanded to the Lower Court so that the petitioner might attempt to establish the damages sustained.
For the same reasons that we have above given, we feel that the question of quantum regarding the personal injuries sustained by Mrs. Culps should be remanded to the Lower Court, as the quantum cannot be decided upon with any degree of accuracy until after the extent of the injuries sustained from the accident have been compared with the complaints which Mrs. Culps had which were not related to the accident.
Therefore, for the reasons hereinabove assigned, it is ordered that the judgment appealed be and the same is hereby amended so that said judgment shall be annulled, avoided and set aside insofar as same pertains to quantum of damages suffered by both petitioners herein; and it is now ordered that this cause be, and the same is hereby, remanded to the Honorable Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, for the introduction of additional evidence, by either party, relative to the quantum of damages sustained by the petitioners herein; and that petitioners be taxed with all costs of this appeal.
Amended and remanded.