312 So.2d 182 (1975)
KELLER BUILDING PRODUCTS OF BATON ROUGE, INC.
v.
SIEGEN DEVELOPMENT, INC., et al.
No. 10171.
Court of Appeal of Louisiana, First Circuit.
March 10, 1975.
Rehearing Denied May 20, 1975.
Writ Refused June 24, 1975.
Victor L. Roy, III, Baton Rouge, for appellant.
James C. Dixon, Guy A. Modica, Baton Rouge, for plaintiff-appellee.
Dennis A. Pennington, Baton Rouge, for defendant-appellee Fulkerson.
Before LOTTINGER and COVINGTON, JJ., and BAILES, Judge Pro Tem.
BAILES, Judge Pro Tem.
Keller Building Products of Baton Rouge, Inc. (Keller) brought this suit seeking recovery of the unpaid balance of an open account for the purchase of building materials used in the construction of an apartment project, and for the recognition and enforcement of a materialman's privilege under the provisions of LSA-R.S. 9:4812. Named defendants were the owner-builder of the apartment project, Thomas J. Fulkerson and his vendee, Siegen Development Co., Inc. (Siegen). The materials furnished by Keller were primarily cabinets, vanities, and carpet. The last delivery of materials to the apartment project occurred on December 29, 1972. On January 30, 1973, within 60 days of the last delivery of materials, Keller filed an affidavit in the mortgage records of East Baton *183 Rouge Parish in order to preserve its lien against the property involved, and served the appropriate notice upon the owner, Fulkerson. On November 17, 1972, unknown to Keller, Fulkerson, the owner-builder, filed an affidavit of completion in the mortgage records of East Baton Rouge Parish, declaring
"That all work has been completed for the construction of the buildings and improvements thereon, and that no materials have been furnished and no labor performed on the said property since November 13, 1972."
Although this statement was false, Fulkerson's apparent purpose was to commence the running of the 60 day lien period under the provisions of R.S. 9:4812.
Siegen purchased the apartment project from Fulkerson on February 9, 1973, with no knowledge of plaintiff's claim. It relied upon a lien certificate issued by the East Baton Rouge Parish Clerk of Court on January 24, 1973, some six days before Keller filed its lien claim. This lien certificate reflected the filing of the affidavit of completion by Fulkerson and one lien against the property, which had been filed by Ascension Painting Company on January 9, 1973, in the sum of $17,882.67.
All pertinent facts were stipulated. The trial court rendered judgment personally against Fulkerson for the amount of Keller's claim, or $5,005.83, plus $2.50, the cost incurred in recording the lien, and recognized plaintiff's lien and privilege in this amount against the immovable property acquired by Siegen from Fulkerson. The trial court held that the running of the 60 day lien period under R.S. 9:4812 could not be commenced by a premature (false) filing of an affidavit of completion before the construction work was completed, so as to protect a third party purchaser acquiring the property more than 60 days after the premature filing of the affidavit of completion. We affirm.
The pertinent section of LSA-R.S. 9:4812 provides:
"When the owner, or his authorized agent, undertakes the work of construction, improvement, repair, erection, or reconstruction, for the account of the owner, for which no contract has been entered into, or when a contract has been entered into but has not been recorded, as and when required, the owner or his authorized agent may file an affidavit that the work has been completed, then any person furnishing service or material or performing any labor on the said building or other work may record in the office of the clerk of court or recorder of mortgages in the parish in which the said work is being done or has been done, an affidavit of his claim, which recordation, if done within sixty days after the date of the affidavit of completion or if no affidavit of completion is filed within sixty days after the date of the last delivery of all material upon the said property or the last furnishing of services or the last performance of labor upon the same, by the said furnisher of material or services or the said laborer, shall preserve a privilege upon the building or other structure and upon the land upon which it is situated, in favor of any such person who shall have furnished service or material or performed any labor in connection with the said work or improvement, as his interest may appear. * * *." (Emphasis added)
The language authorizing the commencement of the 60 day lien period by the filing of the affidavit of completion was added to the statute by amendment in 1966. The decision of this Court in Capitol Hardware Co., Inc. v. Allen Construction Company, 248 So.2d 396 (La.App. 1st Cir. 1971) is dispositive of the issue presented in this case. Therein materialmen were suing a contractor's surety under the provisions of LSA-R.S. 9:4814(B). The surety contended that the claims of *184 materialmen were untimely since they had been filed more than a year after the filing of a premature acceptance by the owner. These claimants contended that the premature (fraudulent) acceptance was a nullity since it was recorded prior to completion or substantial completion of the work. We held that since LSA-R.S. 9:4802.1 specifically provides that acceptances are to be filed after completion or substantial completion that a premature acceptance was a nullity. Granted, there is no provision in R.S. 9:4812 to regulate the time of the filing of an affidavit of completion, it does state the owner "May file an affidavit that the work has been completed." This, of course, presupposes in fact that the work has been completed. Appellant argues that notwithstanding the fact this project had not been completed, Fulkerson had a right under the statute to file an affidavit of completion to commence the running of the 60 day lien period. We disagree. We interpret LSA-R.S. 9:4812 to allow the owner or his authorized agent to file an affidavit of completion only after the work has in fact been completed on the project. No laborer or furnisher of material would hardly expect that the owner would file an affidavit of acceptance prior to the time the work was actually completed. In this case, the affidavit was premature and filed by the owner at a time when the project had not been completed. Appellant asserts that it is entitled to rely on the public records doctrine to protect itself in this instance, however, the public records doctrine does not protect a third party purchaser where there has been fraud or forgery. LaCour v. Ford Investment Corp., 183 So.2d 463 (La.App.4th Cir. 1966).
Further, it is argued that under a literal reading of LSA-R.S. 9:4812, an affidavit of completion could be filed by the owner at any time to start the running of the 60 day lien period and the application of the strict juris doctrine requires us to adopt this interpretation.
The sole legislative purpose and fundamental aim of the instant lien statute is to protect materialmen, laborers and subcontractors who engage in construction and repair projects. To allow a premature (fraudulent) affidavit to be filed at any time prior to the actual completion of a construction project would totally defeat the legislative intent and purpose of R.S. 9:4812. Siegen argues that in order to preserve an orderly flow of commerce between owners, purchasers and mortgages of property it is essential that innocent third party purchasers without notice be able to rely upon the public records doctrine when purchasing property and loaning money. We agree this is true, however, the public records doctrine will not protect these parties from fraud. There were means through which Siegen could have protected itself in the instant case.
Accordingly, the judgment of the trial court is affirmed, at appellant's cost.
Affirmed.