451 So.2d 1315 (1984)
Benton W. ACHORD, Jr.
v.
Thomas E. SMITH, et al.
No. 83 CA 0850.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1316 Charles Reid, Amite, Jeff Hughes, Walker, for plaintiff-appellant.
Allen B. Pierson, Jr., Ponchtoula, for defendant-appellees.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
This suit arises from the purported sale of a business known as Hammond Yamaha Equipment Company, Inc. (Yamaha). Plaintiff appealed the judgment denying recovery of a $25,000.00 down payment and a $3,000.00 deposit. The sole issue on appeal is whether appellant is entitled to a refund of the $25,000.00 down payment less brokerage fees and personal expenditures out of the corporate account.
We reverse and render.
Appellant entered into a written purchase agreement with appellee, Thomas E. Smith, to acquire Yamaha. The terms of the agreement provided for a total consideration of $220,000.00, payable as follows: $25,000.00 cash down payment; $10,000.00 on or before six months from the date of sale; the assumption of an existing Small Business Administration mortgage loan on the company building in the amount of $100,000.00; and seller-financed $85,000.00, payable in 126 monthly installments of $1000.00 each, including interest at the rate of eight percent per annum. Appellant placed the $25,000.00 down payment on deposit with the real estate broker.
A few days later, appellant and appellee went to the bank to discuss the assumption. The title to the building remained in appellee's name and he was the mortgagor on the loan. The facts are unclear regarding whether the banking personnel approved the assumption of the SBA loan by appellant, and, if it was approved, upon what terms. Appellant testified that the bank personnel indicated that financing would not be allowable under the terms of the agreement. Appellee testified that the bank officers stated that the loan could be assumed but that appellee would remain liable under the mortgage. Appellee was agreeable to this proposition.
At this point, appellant took over the operations of the business. A few days thereafter, appellant advised appellee that he could not meet the financial requirements of the original agreement, at which time the parties began to discuss a new business arrangement which would have modified the original agreement to provide for a sale of 61 percent of the corporate stock to appellant. Appellant contends that the new arrangement was contingent upon his lawyer's approval of the corporate papers that were prepared by appellee's lawyer. Appellee and his wife signed the papers but appellant and his wife did not. However, appellant continued in the management and operation of the business for about two months. When appellant began to experience financial problems with the business, he notified appellee that he was closing the business and requested a return of the $25,000.00 down payment.
Although we find that there was never a meeting of the minds between appellant and appellee regarding the proposed stock purchase, we find that the original agreement for the purchase of Yamaha was valid and binding. The record does not reveal any evidence which would indicate that the original agreement was abandoned when the parties began to discuss the possibility of a stock purchase.
*1317 In effect, appellant's suit is an action to rescind the agreement to purchase based on the non-occurrence of the suspensive condition that appellant would obtain the bank's approval of the assumption of the SBA loan. Appellant had the implied obligation to make a good faith effort to obtain the bank's approval. Groghan v. Billingsley, 313 So.2d 255 (La.App. 4th Cir. 1975).
Appellant failed to show that this effort was made or that the assumption of the loan was not available.
The penalty imposed on a buyer who does not make a good faith effort to obtain the financing necessary to fulfill a condition in a contractual obligation is that the condition which was not fulfilled because of the buyer's fault is deemed waived by the buyer, and the condition is considered as fulfilled. La.C.C. art. 2040, Dapremont v. Crossley, 367 So.2d 127 (La. App. 4th Cir.1979).
By this reasoning, we find that appellant has breached the agreement to purchase.
However, the purchase agreement involved contained no provisions that the deposit was to be treated as liquidated damages or that the deposit would be forfeited upon breach of the contract. Furthermore, appellee failed to reconvene or otherwise assert any allegation of damages. It is elementary that no recovery may be had for breach of contract until damages have been proved. Foreman v. Jordan, 131 So.2d 796 (La.App. 3rd Cir. 1961). A recognized exception to this rule is that a party is not required to specify each item of damages where there is obvious damage but the quantum is not susceptible to accurate proof. Culps v. U.S. Fidelity & Guaranty Co., 206 So.2d 570 (La. App. 1st Cir.1968). In the case at hand, there is no obvious damage and therefore the exception does not apply. Appellee testified that when he returned to the business after appellant left, he was able to show a profit for the year and that he had not even looked at the books for the period that appellant operated the business.
In brief, plaintiff's counsel urged the solution that plaintiff be given his deposit less the commission of $4000.00 and the personal payments amounting to $1400.00 made from the business.
For the above reasons, the decision of the trial court is reversed and judgment is rendered in favor of plaintiff in the amount of $19,600.00. The costs in both courts are assessed against appellee.
JUDGMENT REVERSED AND RENDERED.