CIACCIO, Judge.
Plaintiff appeals a district court judgment maintaining defendants’ exception of prescription against plaintiffs “Petition to Enforce Materialman’s Privilege and to Assert Claim for Personal Liability.” We reverse.
Plaintiff alleges that on July 5, 1983, it supplied material for which it has not been paid to Southbend Contractors, Inc., a general contractor on a private construction project in New Orleans. Defendant C.B. Fox Company was the owner of the project. Defendant Great American Insurance Company was the surety on the labor and material payment bond.
Plaintiff filed a sworn statement of its claim on February 25, 1985. Then on March 4, 1985, plaintiff filed suit against Southbend, Fox, and Great American. Fox and Great American filed an exception of prescription against plaintiff’s suit on the grounds that plaintiff failed to file timely *1261 its statement of claim, La.R.S. 9:4822, and failed to file its suit within the time periods provided by La.R.S. 9:4823 and 9:4813 E.
La.R.S. 9:4813 E. provides,
E. The surety’s liability, except as to the owner, is extinguished as to all persons who fail to institute an action asserting their claims or rights against the owner, the contractor, or the surety within one year after the expiration of the time specified in R.S. 9:4822 for claimants to file their statement of claim or privilege.
La.R.S. 9:4823 provides,
A. A privilege given by R.S. 9:4801, a claim against the owner and the privilege securing it granted by R.S. 9:4802, or a claim against the contractor granted by R.S. 9:4802 is extinguished if:
(1) The claimant or holder of the privilege does not preserve it as required by R.S. 9:4822; or
(2) The claimant or holder of the privilege does not institute an action against the owner for the enforcement of the claim or privilege within one year after the expiration of the time given by R.S. 9:4822 for filing the statement of claim or privilege to preserve it; or
[[Image here]]
The time period referred to in these two statutes is provided by La.R.S. 9:4822:
A. If a notice of contract is filed, whether timely or not, in the manner provided by R.S. 9:4811, the persons to whom a claim or privilege is granted by R.S. 9:4802 shall within thirty days after the filing of a notice of termination of the work:
(1) File a statement of their claims or privilege.
(2) Deliver to the owner a copy of the statement of claim or privilege. If the address of the owner is not given in the notice of contract, the claimant is not required to deliver a copy of his statement to the owner.
A notice of contract was filed. The time period affecting any claim or privilege, therefore, began “after the filing of a notice of termination of the work.” La.R.S. 9:4822 E. provides requisites for a notice of termination of the work:
E. A notice of termination of the work: (1) Shall reasonably identify the immovable upon which the work was performed and the work to which it relates. If the work is evidenced by notice of a contract, reference to the notice of contract as filed or recorded, together with the names of the parties to the contract, shall be deemed adequate identification of the immovable and work.
La.R.S. 9:4831 C. imposes the following, additional requirement:
C. Each filing made with the recorder of mortgages pursuant to this Part which contains a reference to immovable property shall contain a description of the property sufficient to clearly and permanently identify the property. A description which includes the lot and/or square and/or subdivision or township and range shall meet the requirement of this Subsection. Naming the street or mailing address without more shall not be sufficient to meet the requirements of this Subsection.
A notice of termination of the work was filed with the recorder of mortgages on October 18, 1983. That notice of termination of the work, however, describes the immovable by providing only the street and mailing address. That description is not sufficient under La.R.S. 9:4831 C.
Because the notice of termination of the work insufficiently describes the immovable, we find the notice deficient and ineffective to commence the time period affecting any claim or privilege. The statutory time period under the Private Works Act, La.R.S. 9:4801 et seq., during which plaintiff may assert its claim or privilege, therefore, has not yet commenced and, thus, cannot be deemed to have expired. The district court erred by maintaining defendants’ exception of prescription of these grounds.
We note that the notice of termination of the work contains a handwritten notation of the M.O.B./folio location of the notice of contract. The source of this notation is unaccounted for and we do not decide *1262 whether the notation qualifies as “reference to the notice of contract” as provided for in La.R.S. 9:4822 E. We do conclude, however, that even if the notation qualifies as reference to the notice of contract, that the contract contains no better description of the immovable than does the notice of termination of the work, and that, therefore, the description requirements of La.R. S. 9:4831 C. remain unsatisfied.
Defendants argue that La.R.S. 9:4831 C. does not apply here because it did not become effective until August 30,1983, and the notice of contract had been filed on July 15,1981. We are not applying La.R.S. 9:4831 C. to the notice of contract, however, but we are applying it to the notice of termination of the work which was filed on October 18, 1983. The statute is not being given retroactive effect, and we can find no reason to deny enforcement of the statute insofar as it applies to filings made after the date on which it became effective.
Defendants also argue that deficiencies should not detract from the efficacy of a filing in the absence of a showing of actual prejudice to a claimant. Defendants rely on La.R.S. 9:4811 B. which provides,
B. A notice of contract is not improperly filed because of an error in or omission from the notice in the absence of a showing of actual prejudice by a claimant or other person acquiring rights in the immovable.
La.R.S. 9:4811, however, applies specifically to a notice of contract; it does not apply to a notice of termination of the work. We have found no authority to support a conclusion that a deficient notice of termination of the work should not be declared ineffective absent a showing of actual prejudice by the claimant.
For the reasons assigned, we reverse the judgment of the district court and remand this matter for further proceedings. Defendants/appellees shall pay all costs of this appeal.
REVERSED and REMANDED.