515 So.2d 611 (1987)
Elizabeth Langley CAMEL
v.
Ellen H. WALLER, et al.
No. 86 CA 1176.
Court of Appeal of Louisiana, First Circuit.
October 14, 1987.
Writ Granted January 8, 1988.
*612 Larry D. Book, Baton Rouge, for plaintiff-appellant Elizabeth Langley Camel.
Richard Langford, Baton Rouge, for third party defendant-appellee Patrick Camel.
James R. Clary, Jr., Baton Rouge, for defendant-appellee Ellen Waller.
Gary M. O'Neill, Baton Rouge, for defendants-appellees Karen Jayne Barber and Vaughn Barber.
George F. McGowin, Baton Rouge, for third party defendant-appellee William Walker Squyres.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Elizabeth Langley Camel (plaintiff) brings this action against Ellen H. Waller (Waller), Karen Jayne Barber, and Vaughn Barber (Barbers) for partition by licitation of certain immovable property in East Baton Rouge Parish. Various incidental demands were filed by defendants, and the case was submitted for judgment based on the following stipulated facts.
On December 29, 1975, Patrick Camel (Camel) purchased condominium unit number four, French Quarter Court (unit no. 4), and Camel and Waller jointly purchased condominium unit number one, French Quarter Court (unit No. 1). In each act of sale Camel represented himself as judicially separated from plaintiff when in fact he was married to and living in community with plaintiff.
On January 12, 1977, plaintiff filed suit for legal separation from Camel. She obtained a temporary restraining order on January 25, 1977, restraining Camel from alienating, encumbering, or disposing of community property owned by plaintiff and Camel. A judgment of separation was signed on August 22, 1977. However, plaintiff never filed notice of lis pendens or recorded the separation judgment in the mortgage or conveyance records of East Baton Rouge Parish. Plaintiff and Camel were divorced on December 15, 1978, and the judgment of divorce was recorded in the mortgage records of East Baton Rouge Parish. No community property settlement was ever made.
William Walker Squyres (Squyres) purchased unit no. 1 from Camel and Waller on March 20, 1978. Plaintiff does not allege that Waller was in bad faith.[1] Waller purchased unit no. 4 from Camel on March 23, 1978. In both of these acts of sale Camel correctly stated he was legally separated from plaintiff. Squyres sold unit no. 1 to the Barbers on August 23, 1979. The Barbers had never met, known, or had prior business or social relations with either Camel or plaintiff.
The trial court found that plaintiff had no ownership interest in the property sought to be partitioned and dismissed plaintiff's suit and all incidental actions. Plaintiff appeals this judgment, contending that the trial judge misapplied the Louisiana public records doctrine.
Plaintiff contends that defendants cannot rely on Camel's false assertion in the recorded documents, citing First National Bank v. Mercer, 448 So.2d 1369 (La.App.2d Cir.1984); Gulf South Bank & Trust Co. v. Demarest, 354 So.2d 695 (La.App. 4th Cir. 1978); and Keller Building Products v. Siegen Development, Inc., 312 So.2d 182 *613 (La.App. 1st Cir.), writ denied, 314 So.2d 736 (La.1975), which state that recordation does not create rights but instead makes them effective against third parties. Based on the principle that fraud vitiates all things, those cases hold that the public records doctrine does not protect a third party purchaser when there has been a fraud or forgery.
This is not a case involving allegations of fraud or forgery. The pretrial stipulations of fact specifically struck all allegations of bad faith on the part of Waller and state that the Barbers had no knowledge of or contact with Camel. Furthermore, there are no allegations that Camel acted with fraudulent intent. Thus, the cited cases clearly are inapplicable to the facts of the instant case.
Plaintiff further contends that she became the owner of one-half (½) of Camel's interest in the condominiums at the moment of acquisition pursuant to LSA-C.C. art. 2402,[2] that by virtue of LSA-C.C. art. 150[3] Camel's right to dispose of plaintiff's interest in the property terminated with the judgment of separation, and that Camel's purported sale of plaintiff's interest in the property was "the sale of thing belonging to another person" which, under LSA-C.C. art. 2452, is null.
This same argument was advanced by the plaintiff in the recent case of Magee v. Amiss, 490 So.2d 322 (La.App. 1st Cir. 1986), aff'd in part, rev'd in part, and remanded, 502 So.2d 568 (La.1987). In Magee, the husband and wife purchased a home in 1970. The act of sale stated that the husband, Archibald C. Magee, was married to and living with Doris L. Magee. In 1971 the Magees were legally separated, but the wife failed to file a notice of lis pendens or record the separation judgment in the mortgage or conveyance records. No community property settlement was entered into, and the husband continued to live in the home. The husband failed to pay for roof repairs, and the roofing company filed a lien against the house and obtained a judgment against the husband. On April 2, 1980, the house was sold at sheriff's sale to satisfy the judgment. The wife then sued her husband, the sheriff, the sheriff's vendees, and subsequent vendees to nullify the judicial sale.
Following Humphreys v. Royal, 215 La. 567, 41 So.2d 220 (1949), in which the Louisiana Supreme Court gave precedence to the public registry law over the preservation of a wife's community interest where the wife failed to use the means theoretically available to protect her community interest, this court held that the unrecorded judgment of separation affecting the immovable property in controversy was utterly null and void as to third party purchasers. Thus, this court rejected plaintiff's argument that the sale was a nullity and affirmed the dismissal of plaintiff's suit against the third party vendees by summary judgment.
The Louisiana Supreme Court, however, reversed, holding that the judicial sale was null as to the wife's interest in the property. Its decision was based on three principles: (1) as to third parties, the community remained intact because no separation or divorce judgment had been recorded; (2) the concurrence of both spouses was required for alienation of community property under LSA-C.C. art. 2347, effective January 1, 1980; and (3) under Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983), failure to give notice of the property's pending sale to one with a legally protected property interest is a violation of that party's constitutional right to due process.
Only the first of these principles is applicable to the instant case. The Supreme Court's statement that the community remained intact as to third parties because no separation or divorce judgment had been filed is consistent with the holding of Humphreys.[4] In Magee, the wife's community *614 interest was apparent on the face of the public records. In this case, however, plaintiff's community interest was not apparent; the mortgage and conveyance records showed, albeit incorrectly, that the property was purchased by Camel after he was legally separated from plaintiff. Although plaintiff could not have protected herself at the time Camel purchased the property, she could have filed the injunction or separation judgment in the mortgage or conveyance records prior to the sale. Had she done so, anyone checking the conveyance or mortgage records would have been put on notice that Camel's declaration in the original act of sale was false because the separation antedated the declaration.
The Supreme Court has determined that the preservation of the security of title to immovables prevails over protection of a spouse's interest in community property, absent fraud or forgery, where the spouse has failed to take legally available measures to protect his or her interest. We agree that in a case such as this the equities favor the innocent vendees. Although certain inequitable situations may arise as a result of this rule, even greater inequities might occur were prospective purchasers required to check all possible family court records for marriages and separations at the risk of losing title to their property if a declaration of marital status later proved to be false.
For the above reasons, we affirm the judgment of the trial court dismissing plaintiff's suit at her cost.
AFFIRMED.
NOTES
[1] Plaintiff originally alleged that Waller had knowledge that she and Camel were married and living in community at the time of the original purchases, but in the amended pretrial stipulations any allegations of bad faith on the part of Waller were stricken.
[2] Repealed by Acts 1979, No. 709, § 1; substance now found in LSA-C.C. art. 2338.
[3] Repealed by Acts 1979, No. 709, § 2.
[4] The holding of Humphreys has also been followed by the Second Circuit in Gregory v. Womack, 300 So.2d 213 (La.App. 2d Cir.), writ denied, 302 So.2d 622 (La.1974), and the Fourth Circuit in Shapiro v. Bryan, 132 So.2d 97 (La. App. 4th Cir.1961).