527 So.2d 511 (1988)
EL PASO EXPLORATION COMPANY
v.
Adele Bergeron OLINDE, et al.
Alfred J. BERGERON and Adele B. Olinde
v.
Glen P. HAMNER and Anna Belle M. Hamner.
Nos. 87 CA 0834, 87 CA 0835.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Patrick S. Ottinger, Plauché, Hartley, Lapeyre & Ottinger, Lafayette, for plaintiff-appellee El Paso Exploration Co.
Gary E. Theall, Abbeville, for defendants-appellees Raymond Randolph, et al.
Robert J. David, Kierr, Gainsburgh, Benjamin, Fallon & Lewis, New Orleans, for defendants-appellants Adele B. Olinde, et al.
Eric L. Pittman, Easterly & Pittman, Denham Springs, for defendants-appellants Glen Hamner, et al.
Francis Audley Smith, Jr., New Roads, for defendant-appellant Cora P. Bergeron.
*512 Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
El Paso Exploration Company (El Paso) provoked the concursus (No. 87 CA 0834) as provided by LSA-C.C.P. art. 4651, et seq., asserting that the parties made defendants have conflicting claims to proceeds from gas wells[1] currently producing in paying quantities. El Paso asserts that it has an interest in and is operator of these wells, which were unitized by Louisiana Office of Conservation Order No. 1063-A as 18,000' TUSC RA SUP, and that defendants have asserted conflicting claims to royalty interests in acreage within the unit.
Consolidated with the concursus proceeding is an action styled "Suit for Nullity or [Rescission] of Contract" brought by Alfred J. Bergeron and Adele B. Olinde against Glen P. Hamner (Hamner) and his wife, Anna Belle M. Hamner to rescind a royalty deed to 23 acres which Bergeron and Olinde claim was fraudulently obtained from them by Hamner (No. 87 CA 0835). The Hamners and some of the other defendants in the concursus proceeding, Raymond W. Randolph, Jane D. Randolph, Robert L. McAdams, Wanda Till McAdams, and Fenson Mining Company (hereinafter referred to as the Hamner group) moved to consolidate the nullity suit with the concursus proceeding and, after consolidation, brought a third party demand against Coralee Plauché Bergeron, the mother of Alfred Bergeron and Adele Olinde.
Trial was held, and the trial court found that Hamner made fraudulent representations to Coralee Plauché Bergeron and that, because of these fraudulent representations, the signatures of Adele Olinde and Alfred Bergeron on the royalty deed in question were without legal effectthat their consent was vitiated by error.
The trial court discussed at length in its reasons for judgment Hamner's lack of credibility as a witness and found that Hamner intentionally misled and used Coralee Bergeron to induce her children to sign a royalty deed to property that said children were unaware they owned. The trial court noted that Hamner possessed expertise in mineral law and experience in Louisiana succession law sufficient to comprehend the difference between the rights of a usufructuary and those of a naked owner. It concluded that since Hamner had seen the will of Coralee Bergeron's deceased husband, he was aware that she was only usufructuary of the acreage covered by the deed, and he knew that only her children could convey the royalty interest. See LSA-C.C. art. 890 and LSA-R.S. 31:188 and 189.
The trial court's judgment annulled the deed and awarded the royalty interest as well as all monies deposited in the registry of the court to Alfred Bergeron and Adele Olinde; dismissed the proceedings against Raymond W. Randolph, R.L. McAdams, Wanda Till McAdams, Jane D. Randolph, and Fenson Mining Company; granted attorney fees to Coralee Bergeron to be paid by Hamner; and, on the third party demand, ordered that Coralee Bergeron return the $34,000.00 royalty purchase price to third party plaintiffs, the Hamner group.
Glen P. Hamner, Annabelle M. Hamner, R.L. McAdams, and Wanda T. McAdams appealed suspensively, asserting error in the trial court's finding of fraud as to Coralee Bergeron and of lack of consent on behalf of Alfred Bergeron and Adele Olinde. Additionally, these parties urge error in the rescission and in the award of attorney fees to Coralee Bergeron.
Adele Olinde and Alfred Bergeron have also appealed. They assert error because the trial court failed to find Hamner's actions constituted fraud as to them and, consequently, because the trial court denied them attorney fees.
Coralee Bergeron appealed. She asserts error in the judgment which ordered her to return the $34,000.00 royalty purchase price. She also asks for additional damages and attorney fees. The record is silent *513 as to any damages, including attorney fees suffered by Mrs. Bergeron, whose only status in this litigation was as third party defendant. Nor does her answer seek damages or attorney fees. The trial court erred in awarding attorney fees. We will not consider this claim on appeal.
LSA-C.C. art. 1847[2] provides in pertinent part:
Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience [detriment] or loss to the other....
Article 1847, in addition, enumerates rules that serve as guidelines, including:
[Fraud] must be caused or continued by artifice, by which is meant either an assertion of what is false, or a suppression of what is true, in relation to such part of the contract as is stated in the second rule.
The assertion and suppression, mentioned in the last preceding rule, mean not only an affirmation or negation by words either written or spoken, but any other means calculated to produce a belief of what is false, or an ignorance or disbelief of what is true.
LSA-C.C. art. 1847 (5) and (6).
The trial court determined that Hamner was aware of the error under which all parties, Coralee Bergeron, Adele Olinde, and Alfred Bergeron, had signed the royalty deed. The transcript reveals that Coralee Bergeron contacted Hamner through a mutual acquaintance for advice with regard to leasing her supposed mineral rights; that neither Coralee Bergeron nor her children had any measurable experience with mineral deeds and leases and was aware of the limited rights of a usufructuary. In addition, the trial court noted that the document that Hamner drafted purporting to be a royalty deed was suspiciously misleading, listing only Coralee Bergeron as vendor of the royalty interest while providing separate lines for the signatures of Coralee Bergeron, Alfred Bergeron, and Adele Olinde.
Highly suspicious facts and circumstances surrounding a transaction are proper considerations in determining whether fraud has been committed. Placid Oil Co. v. Taylor, 345 So.2d 254 (La.App. 3d Cir.), writ denied, 347 So.2d 261 (1977). The testimony of Coralee Bergeron and that of her children is consistent: Hamner never discussed the terms of the sale with either Alfred Bergeron or Adele Olinde, and never paid either any money. Hamner never treated either of the children as vendors of any interest whatsoever. Both Alfred Bergeron and Adele Olinde were unaware that they had any interest to convey. Hamner, on the other hand, was aware that only they (Alfred and Adele) could convey anything. Coralee, Alfred, and Adele's ignorance continued because Hamner suppressed the truth. LSA-C.C. art. 1847 (5) and (6). The trial court's finding of fraud was not clearly wrong.
Mrs. Bergeron asserts that the trial court erred when it ordered her to return the $34,000.00 purchase price. An agreement vitiated by fraud is null and void. Gray v. Atkins, 331 So.2d 157 (La.App. 3d Cir.), writ denied, 334 So.2d 433 (1976). Mrs. Bergeron had no mineral rights to convey. She received $34,000.00 not due her and is obliged to restore it. LSA-C.C. art. 2301 and 2304. See also, Coleman v. Bossier City, 305 So.2d 444, 447 (La.1975). We have neither been cited, nor been able to find, any authority for her retention of the purchase price. This assignment of error is without merit.
Alfred Bergeron and Adele Olinde assign error in the trial court's finding that Hamner did not defraud them and its failure to award them attorney fees. The current code specifically provides that fraud committed by a third person vitiates consent if the party in whose favor the fraud worked *514 knew or should have known of the fraud. LSA-C.C. art. 1956. The comments to article 1956 suggest that though the article is new, it does not change the law but, rather, restates a concept expressed in (former) LSA-C.C. art. 1847 (9). See Jackson v. Fontenot Building, Inc., 314 So.2d 516 (La.App. 1st Cir.) writ denied, 319 So.2d 442 (1975).
In Jackson, the court declined to find fraud because it was not proved that the party in whose favor it worked knew about the misrepresentation. The record before us shows, as the trial court correctly concluded, that Hamner not only knew of the misrepresentation, but used a third party to continue the falsehood and to take advantage of it. We find that this constitutes fraud within the meaning of LSA-C. C. art. 1847 (9). Rescission of the royalty deed was therefore proper.
Attorney fees are not recoverable in Louisiana unless authorized by statute or contract. LSA-C.C.P. art. 1920; Quealy v. Paine, Webber, Jackson & Curtis, 475 So. 2d 756 (La.1985). Under the current code, attorney fees are recognized as a component of damages recoverable when rescission of a contract is granted because of fraud. LSA-C.C. art. 1958. The comments to article 1958 suggest that "[i]t expresses an idea ... implied in C.C. Art. 1847 (9) (1870) ...," but, additionally, the comments note that article 1958 changes the law with regard to the recovery of attorney fees. LSA-C.C. art. 1958, comment (a). LSA-C.C. art. 1958 does not apply to the facts before us. Attorney fees are not recoverable under the former provisions of LSA-C.C. art. 1847 for fraud.
For the reasons expressed hereinabove, the judgment of the trial court is affirmed except for that part thereof which awarded attorney fees to Coralee P. Bergeron which is reversed. Costs of this appeal are taxed to Hamner.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] The Wagner & Brown, et al.Jewell No. 1 Well, and the Wagner & Brown, et al.Picard-Boudreaux No. 1 Well.
[2] Titles III and IV of Book III of the Civil Code of 1870 were amended and reenacted by Acts 1984, No. 331. This article was repealed and reenacted as LSA-C.C. articles 1953 through 1956, and article 1958. All further reference to Code articles within these Titles will be those existing prior to the revision unless otherwise specified.