PER CURIAM.
liWe grant this application for certiorari to consider issues arising from a medical review panel (“MRP”) physician-member’s failure to disclose a financial relationship with the physician-defendant.
At all pertinent times, LSA-R.S. 40:1299.47 provided, in pertinent part, that, before entering upon their duties, each voting panelist of a MRP shall subscribe before a notary public the following oath:
“I, (name) do solemnly swear/affirm that I will faithfully perform the duties of medical review panel member to the best of my ability and without partiality or favoritism of any kind. I acknowledge that I represent neither side and that it is my lawful duty to serve with complete impartiality and to render a decision in accordance with law and the evidence.”
Further, LSA-R.S. 40:1299.47 requires a MRP panelist to disclose in writing to the parties, prior to the hearing, “any employment relationship or financial relationship with the claimant, the health care provider against whom a claim is asserted, or the attorneys representing the claimant or health care provider, or any other relationship that might give rise to a conflict of interest for the panelists.”
In the this medical malpractice case, Dr. Vernon Carriere was nominated to participate as a panelist on the MRP by the *128 defendant, and Dr. Carriere failed to | ^disclose any financial relationship with defendant Dr. Michael Graham. After the decision of the MRP was rendered on March 9, 2011 finding no evidence that Dr. Graham’s treatment fell below the applicable standard of care, the plaintiff filed the instant medical malpractice suit on April 1, 2011. Subsequently, the plaintiff filed a motion in limine, in the district court, to exclude from evidence the MRP opinion and/or any testimony by the MRP physician-members, citing the ineligibility of panel member Dr. Vernon Carriere, who was alleged to have been a business partner of Dr. Michael Graham. The plaintiff produced prima facie evidence that Dr. Carriere and Dr. Graham were both officers of the corporation “Jefferson Ambulatory Surgery Center, L.L.C.,” and no evidence to the contrary was presented by the defendants.
October 26, 2011, the district court granted the plaintiffs motion to exclude Dr. Carriere’s testimony, but denied the plaintiffs motion to exclude the MRP opinion and the testimony of the remaining two MRP physician-members. On the plaintiffs application for review of the district court’s ruling, the court of appeal concluded that the district court had erred in failing to also exclude the MRP opinion and the testimony of the other two physician-members. In so holding, the appellate court concluded that, if the district court believed that Dr. Carriere was ineligible to serve on the MRP, then it was illogical to allow the other physician-members’ testimony or the MRP opinion in evidence, as “the entire medical review process was tainted by Dr. Carriere’s participation.” See Fanguy v. Lexington Insurance Company, 12-136 (La.App. 5 Cir. 11/13/12), 105 So.3d 848. The defendants now seek to have these adverse rulings overturned and, alternatively, ask that the matter be remanded for the formation of a new MRP.
While we are unable to say the lower courts committed error in finding that the undisclosed financial relationship between Dr. Carriere and Dr. Graham | ^presented the appearance of impropriety, which vitiated Dr. Carriere’s oath of impartiality and thereby tainted the MRP proceedings, we believe that justice would best be served by ordering the re-constitution of the MRP with different physician-members and allowing that new panel to deliberate and issue an opinion on the issues presented in this case. Accordingly, we affirm the decision of the appellate court, in part, and reverse the appellate court, in part, insofar as it failed to order that a new MRP be impaneled; we remand this matter to the district court for further proceedings in accordance with the foregoing.
WRIT GRANTED; APPELLATE COURT DECISION AFFIRMED, IN PART, AND REVERSED, IN PART; REMANDED TO THE DISTRICT COURT FOR FURTHER PROCEEDINGS.