DRAKE, J.
In this appeal, the plaintiffs sued for damages in district court after the Louisiana Patient’s Compensation Fund (“PCF”) dismissed their medical malpractice claims for failure to appoint an attorney chairperson to the medical review panel (“MRP”) within the requisite one year timeframe. The defendants filed dilatory exceptions of prematurity. The district court sustained the exceptions, dismissed the plaintiffs’ suit without prejudice, and remanded the matter to the PCF to convene a MRP. For the reasons that follow, we reverse.

FACTS AND PROCEDURAL HISTORY

Plaintiffs-Appellants, Clyde and Carol Keating, filed a medical malpractice complaint with the Division of Administration on February 29, 2012, against Defendants-Appellees, Paul Van Deventer, M.D., John Kessels, M.D., and St. Tammany Parish Hospital Clinic for Wound Care and Hy-perbaric Medicine.[1] The plaintiffs alleged that the care and treatment provided by the doctors and hospital to a lower right leg fracture sustained by Mr. Keating fell below the applicable standard of care. The Keatings presumably desired to avail themselves of the medical review panel procedures provided for by the Louisiana Medical Malpractice Act, La. R.S. 40:1299 et seq. Pursuant to the Act, the parties had one year from the date of the filing of the request for review to appoint an attorney chairman to the MRP. See La. R.S. 40:1299.47(A)(2)(c).
Throughout 2012, Dr. Van Deventer, Dr. Kessels, and St. Tammany Parish Hospital made numerous inquiries and suggestions regarding possible candidates for the panel’s attorney chairman. The Keatings did not consent to any of the candidates proposed by the defendants, and instead repeatedly proposed Michael Simon of Baton Rouge as chairman. The defendants did not agree to the | .¡appointment of Mr. Simon, since he did not reside in the venue where the events giving rise to the Keat-ings’s claims occurred. Unable to secure a *1202 consensus regarding the appointment of a chairman, in December 2012, the defendants initiated the “strike list” process in accordance with La. R.S. 40:1299.47(C)(Í )(a).[2] When the Keatings failed to respond to the strike list, the defendants requested that the Louisiana Supreme Court exercise strikes on behalf of the Keatings. However, the supreme court did not exercise strikes as contemplated by La. R.S. 40:1299.47(C)(£ )(a).
Due to the impending one year deadline of February 28, 2013, to appoint a chairman to the panel, the defendants acquiesced to the Keatings’s proposed candidate for chairman, Michael Simon of Baton Rouge, and notified the PCF of their consent to Mr. Simon on February 21, 2013. The next day, however, the Keatings notified the PCF that they did not consent to the appointment of Mr. Simon as chairman. On February 25, 2013, the PCF advised the parties that Mr. Simon would not be appointed chairman absent the consent of all parties. The defendants asked the Keatings to notify the PCF of their preference for an attorney chairman, so that an appointment could be made prior to the one year deadline, but the Keatings did not respond.
|4On February 26, 2013, two days before the February 28, 2013 deadlme, the defendants sought and obtained a writ of mandamus from the district court, which ordered the Keatings to immediately provide the names of three attorneys they would accept in the capacity of attorney chairman. The Keatings failed to respond. On February 28, 2013, the one year deadline of the filing of the request for review, the defendants expressly advised the PCF that they did not waive their statutory right to proceed before a MRP. The PCF dismissed the claim on March 4, 2013, for the parties’ failure to appoint an attorney chairman within the one year timeframe.
Thereafter, the Keatings filed a petition for damages in the district court on April 11, 2013, within the 90-day prescriptive period following dismissal of the PCF complaint. See La. R.S. 40:1299.47(A)(2)(a). In response, the defendants filed dilatory-exceptions of prematurity in which they argued that the Keatings’s claims against them had not been presented to a MRP, and therefore, the action was premature. Following a hearing, the district court sustained the exceptions of prematurity, dismissed the Keatings’s suit for damages without prejudice, and remanded the matter to the PCF to convene a MRP.[3] The *1203 district court issued reasons for judgment on June 21, 2013, and signed a final judgment on July 11, 2013. | ¡fit is from this judgment that the Keatings now appeal, assigning four errors.[4]»

LAW AND DISCUSSION

A judgment sustaining a dilatory exception of prematurity and dismissing a cause of action on that basis is a final, appealable judgment. The standard of review of such a judgment is manifest error. Pinegar v. Harris, 08-1112 (La.App. 1 Cir. 6/12/09), 20 So.3d 1081, 1087-88.
A dilatory exception raising the objection of prematurity pursuant to La. C.C.P. art. 926(A)(1) raises the issue of whether the judicial cause of action has not yet come into existence because some prerequisite condition has not been fulfilled. The objection contemplates that the plaintiff has filed her action prior to some procedure or assigned time, and it is usually utilized in cases wherein the applicable law or contract has provided a procedure for a person aggrieved by a decision to seek administrative relief, before resorting to judicial action. Generally, the person aggrieved by an action must exhaust all such administrative remedies or specified procedures before she is entitled to judicial review. Dailey v. Travis, 02-2051 (La.App. 1 Cir. 2/23/04), 872 So.2d 1104, 1108.
The party that raises the objection of prematurity has the burden of showing that an administrative remedy is available, by reason of which the judicial action is premature. Once the existence of an administrative remedy is established, the burden shifts to the plaintiff to show that the specified administrative remedies or procedures have been exhausted or that the present situation is one of the ^exceptional situations where the plaintiff is entitled to judicial relief because any administrative remedy is irreparably inadequate. Id.
The issue before the court .is whether a medical malpractice lawsuit can be declared premature after the PCF has dismissed the medical review panel for failure to name an-attorney chairman pursuant to La. R.S. 40:1299.47(A)(2)(c). The Medical Malpractice Act, La. R.S. 40:1299.41 et seq., governs private health care providers. The Act constitutes a special legislative provision in derogation of the general rights available to tort victims and, therefore, must be strictly construed. See McGlothlin v. Christus St. Patrick Hosp., 10-2775 (La.7/1/11), 65 So.3d 1218, 1225; see also Bardwell v. Faust, 06-1472 (La.App. 1 Cir. 5/4/07), 962 So.2d 13, 16, writ denied, 07-1174 (La.9/21/07), 964 So.2d 334. Where strict construction applies to an act of the legislature, however, *1204 courts must not overlook the legislative intent and fundamental aim of the law. See Bernard, Lumber Co., Inc. v. Lake Forest Construction, Co., Inc., 572 So.2d 178, 181 (La.1990).
A malpractice claim must first be submitted to a MRP before the malpractice action may commence in court, as set forth in La. R.S. 40:1299.47(A)(l)(a), which states that “[a ]ll malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.” (Emphasis added.) Further, La. R.S. 40:1299.47(B)(Z )(a)(i) provides that “Mo action against a health care provider ... may be commenced in any court before the claimant’s proposed complaint has been presented to a medical review panel established pursuant to this Section.” (Emphasis added.) The procedure is initiated by filing a request for review of the claim by a MRP with the Louisiana Division of Administration, which forwards |7the request to the PCF. La. R.S. 40:1299.47(A); In re Medical Review Panel Proceedings of Ouder, 07-1266 (La.App. 1 Cir. 5/2/08), 991 So.2d 58, 60.
To obtain the benefit of the limitation of liability under the Act, a healthcare provider must become qualified by fulfilling the requirements of La. R.S. 40:1299.42(A):
(1) Cause to be filed with the board proof of financial responsibility as provided by Subsection E of this Section.
(2) Pay the surcharge assessed by this Part on all health care providers according to R.S. 40:1299.44.
(3) For self-insured health care providers, initial qualification shall be effective upon acceptance of proof of financial responsibility by and payment of the surcharge to the board. Initial qualification shall be effective for all other health care providers at the time the malpractice insurer accepts payment of the surcharge.
Certificates of enrollment issued by the PCF demonstrate that Dr. Van Deventer, Dr. Kessels, and St. Tammany Parish Hospital were enrolled in the PCF at the time the alleged acts of negligence occurred and are entitled to a medical panel review as a condition precedent to the filing of a suit for damages.
In their first assignment of error, the Keatings contend that the district court erred in granting the defendants’ exceptions of prematurity. The Keatings argue that the law is clear and unambiguous that when the PCF dismisses a MRP under La. R.S. 40:1299.47(A)(2)(c), the parties are “deemed to have waived the use of the medical review panel.” The Keatings argue that should have been the end of the district court’s inquiry; however, they allege the court engaged in statutory construction to find facts that rendered this lawsuit premature.
Plaintiffs argue that this precise issue was resolved by this court in Neese v. East Baton Rouge Medical Center, 11-0811 (La.App. 1 Cir. 3/20/12), 2012 WL 1080866 (unpublished opinion), writ denied, 12-0948 (La.6/15/12), 90 So.3d 1066. In Neese, this court held that under La. R.S. 40:1299.47(A)(2)(c), both parties are charged with the appointment of the attorney chairman, either through |smutual agreement or through the specified strike process. This Court also stated, in a concurrence by Judge Welch in Estate of Nicks v. Patient’s Compensation Fund Oversight Bd., 05-1624 (La.App. 1 Cir. 6/21/06), 939 So.2d 391, 401, that:
[T]he only effect of the dismissal of the claim for the failure to appoint an attorney chairman within one year from the date the request for review was filed is that the parties — both the plaintiff and the defendants — are deemed to *1205 have waived the use of the medical review panel. See La. R.S. 40:1299.47(A)(2)(c), 40:1299.47(B)(l)(a)(i), and 40:1299.47(B)(l)(c). [Emphasis added.]
The Louisiana Supreme Court also noted this same result in the case of Turner v. Willis-Knighton Med. Ctr., 108 So.3d 60, 67 (La.12/4/12), stating:
Pursuant to La. R.S. 40:1299.47(A)(2)(c), an attorney chairperson must be appointed one year from the date a request for review by a medical review panel is filed. If this is not done, the claim is dismissed, use of the panel is deemed waived, and the plaintiff has 90 days, plus any time remaining on the one-year prescription period of La. R.S. 9:5628(A), in which to file suit ... As clearly stated in the statute, “the filing of a request for a medical review panel shall suspend the time within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section.” As dismissal, not notification, begins the 90 day grace period, Mrs. Turner’s suit, filed more than 90 days after the suit was dismissed, has prescribed. [Emphasis added.][5]
The defendants counter that there was no waiver, as evidenced by their persistent efforts to select an attorney chairman. They argue that extensive evidence was introduced at the hearing, showing continuous communication between the Keatings and the defendants regarding the need to select a chairman, candidates suggested for the position, and the inability/unwillingness of the Keatings to respond or agree to a candidate, all of which showed that the defendants diligently attempted to secure an attorney chairman.
The defendants further aver that, having exhausted every other available procedural remedy expressly provided in the Medical Malpractice Act, they sought |9relief pursuant to La. C.C.P. art. 3862 and La. R.S. 40:1299.47(0(6) via a writ of mandamus or, alternatively, an order to compel.[6] As stated previously, the district court granted relief to the defendants and ordered the Keatings to immediately provide the names of attorneys they would accept in the capacity of attorney chairman. The defendants argue that the Keatings were asked through electronic, written, and telephone communication to identify three candidates deemed acceptable as attorney chairman pursuant to the district court’s order. The Keatings failed or refused to respond.
On February 28, 2013, all three defendants expressly advised the PCF that they did not waive their right to proceed before a MRP; however, on March 4, 2013, the PCF issued correspondence dismissing the claim for failure to appoint an attorney chairman. The Keatings then filed their petition for damages in the district court.
*1206 Louisiana Revised Statutes 40:1299.47(A)(2)(c) provides, in pertinent part:
An attorney chairman for the medical review panel shall be appointed within one year from the date the request for review of the claim was filed. Upon appointment of the attorney chairman, the parties shall notify the board of the name and address of the attorney chairman. ... If the board has not received notice of the appointment of an attorney chairman within one year from the date the request for review of the claim was filed, then the board shall promptly send notice to the parties by certified or registered mail that the claim has been dismissed for failure to appoint an attorney chairman and the parties shall be deemed to have waived the use of the medical review panel. The filing of a request for a medical review panel shall suspend the time within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section. [Emphasis added.]
11flThe statutory language of La. R.S. 40:1299.47(A)(2)(c) indicates that parties have one year from the date the request for review of the claim was filed to appoint an attorney chairman. The statute further states that both parties are charged with the appointment of an attorney chairman, either through mutual agreement or through the strike process. La. R.S. 40:1299.47(A)(2)(c).
The record indicates that the parties, specifically the defendants, first attempted to appoint a chairperson through mutual agreement by proposing various candidates to the parties through electronic, written, and telephone communication. When the parties were unable to mutually agree upon an attorney-chairperson, the defendants initiated the “strike list” process. When the Keatings failed to respond to the strike list, the defendants requested that the Louisiana Supreme Court exercise strikes on behalf of the Keatings; however, the supreme court did not exercise any strikes. After exhausting all other procedural remedies, the defendants sought and obtained a writ of mandamus from the district court, which ordered the Keatings to provide names of acceptable candidates for chairman, but the Keatings still refused to respond. At the one year deadline to appoint an attorney chairman, all that was left for the defendants to do was to inform the PCF that they did not waive their rights to proceed before a MRP.
From our review of the record, the defendants exhausted every procedural means available to them to secure the appointment of an attorney-chairman including: (i) proposing candidates and ultimately agreeing to the nomination of Michael Simon as attorney chairman (as requested repeatedly by the Keatings); (ii) by invoking the striking process; and (iii) by obtaining a writ of mandamus from the district court compelling the Keatings to provide names of attorneys they deemed acceptable to serve as chairman of the MRP. Additionally, the defendants expressed to the PCF, in writing, that they did not waive their right to a MRP and wished to preserve the MRP for the claims brought by the Keatings. Thus, unlike |T1the factual situations presented in other cases where the parties may have failed to appoint an attorney chairman to a MRP, under the particular facts of this case, the defendants were diligent and communicated with each other, the Keatings, and the PCF in their attempts to appoint a chairman.
The record is replete with evidence of their diligence. It is evident that the defendants did not wish to waive their statutory right to proceed before a MRP, de *1207 spite the dismissal of the Keatings’s claims by the PCF. It is also apparent, and even rational, that the defendants wish to cloak themselves with the legal limitations and procedures set forth by the Medical Malpractice Act, including potentially receiving a favorable opinion from the MRP. Just as understandably it is the plaintiffs’ desire to avoid the legal limitations of the Act, as well as a potentially adverse opinion by the MRP.
The district court considered that even where strict statutory construction applies, as it does with the Medical Malpractice Act, courts must consider the legislative intent and the fundamental aim of the statute. The district court held:
... The legislative intent of the Medical Malpractice Act is not to allow the plaintiff to benefit by non-compliance and side-step the Medical Review Panel by failing to cooperate in this procedure. Thus, even though the plaintiffs assert that technically the defendants have waived their rights to the panel, the Court finds the defendants were very diligent in their efforts and under the Act there was no waiver by the defendants of the Medical Review Panel ...
This Court agrees with the district court, that the Medical Malpractice Act is designed to allow defendants certain protections, such as a limitation of liability and an opportunity to allow their peers to render a hopefully favorable opinion. But this Court disagrees with the district court that a plaintiffs recalcitrance and obstruction of the process of appointing an attorney chairman cannot ultimately result in a perceived advantage to the plaintiff.
Again, La. R.S. 40:1299.47(A)(2)(c) clearly provides that:
|12An attorney chairman for the medical review panel shall be appointed within one year from the date the request for review of the claim was filed. Upon appointment of the attorney chairman, the parties shall notify the board of the name and address of the attorney chairman.... If the board has not received notice of the appointment of an attorney chairman within one year from the date the request for review of the claim was filed, then the board shall promptly send notice to the parties by certified or registered mail that the claim has been dismissed for failure to appoint an attorney chairman and the parties shall be deemed to have waived the use of the medical review panel. The filing of a request for a medical review panel shall suspend the time within which suit must be filed until ninety days after the claim has been dismissed in accordance with this Section. [Emphasis added.]
This statute contains an obligation, burden, or duty on both parties to finalize the appointment of an attorney chairman within a year. If the attorney chairman is not appointed within a year, then the Louisiana State Legislature has set forth that “both parties shall be deemed to have waived the use of the medical review panel.” (Emphasis added.) Since both parties have the obligation or duty to perfect the appointment of the attorney chairman, it seems that the Legislature has burdened both parties with the ramifications for failing to achieve the appointment of the attorney chairman.[7]
*1208 In this case, the failure of the Keatings to cooperate with the appointment of an attorney chairman, for whatever reason, resulted in the obstruction of the rights of the defendants to proceed before a MRP as contemplated by the Act. Furthermore, to rule in favor of the Keatings in this matter would demonstrate to other potential malpractice claimants that the simplest way to remove their claim from under the purview of the Medical Malpractice Act is to refuse to cooperate with the formation of a MRP, and in obstructing the law, to obtain some perceived advantage by filing the malpractice claim in district court. Despite their failure to 11sstrictly abide by the provisions of the Act, the Keatings would have this court strictly construe its provisions.
Reluctantly, this Court recognizes that this is precisely the result mandated by a straightforward application of the Medical Malpractice Act, as currently worded. Any different result would have to come from the Louisiana State Legislature. Therefore, we reverse the judgment of the district court which sustained the dilatory exceptions of prematurity and dismissed the plaintiffs’ suit without prejudice, and we remand this matter to the district court for further proceedings consistent with this opinion.[8]

DECREE

Based on the foregoing reasons, the July 11, 2013 final judgment of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion. All costs of this appeal are equally assessed to the parties.
REVERSED AND REMANDED.
J. THERIOT concurs with reasons.
GUIDRY, J., concurs.

. The Keatings named Dr. Van Deventer as a defendant in their complaint filed February 29, 2012. The Keatings filed an amended complaint on March 23, 2012, which named Dr. Kessels and St. Tammany Parish Hospital as defendants.

. The "strike list” procedure is outlined in La. R.S. 40:1299.47(C)(l)(a), which provides, in pertinent part:
The ... Louisiana Supreme Court, upon receipt of notification from the board, shall draw five names at random from the list of attorneys who reside or maintain an office in the parish which would be proper venue for the action in a court of law_After selection of the attorney names, the ... clerk of the supreme court shall notify the [PCF] of the names so selected. It shall be the duty of the [PCF] to notify the parties of the attorney names from which the parties may choose the attorney member of the panel within five days. If no agreement can be reached within five days, the parties shall immediately initiate a procedure of selecting the attorney by each striking two names alternately, with the claimant striking first and so advising the health care provider of the name of the attorney so stricken; thereafter, the health care provider and the claimant shall alternately strike until both sides have stricken two names and the remaining name shall be the attorney member of the panel. If either the plaintiff or defendant fails to strike, the ... Louisiana Supreme Court shall strike for that party within five additional days.

. In its reasons for judgment, the district court stated that it had authority to remand the matter to the PCF to convene a panel pursuant to Fanguy v. Lexington Ins. Co., 13-0114 (La.4/1/13), 110 So.3d 127; however, the Fanguy case involved a situation where a MRP had been timely and properly constituted. After the MRP rendered its opinion, the claimant brought allegations of bias and fi *1203 nancial disclosure failures, which the claimant alleged tainted the MRP proceedings. We note that the Fanguy case did not involve the application of La. R.S. 40:1299.47(A)(2)(c) to the failure of the parties to appoint an attorney chairman within the one year time limit. Thus, the Fanguy case does not serve as binding authority to remand claims to the PCF to convene MRPs when the parties fail to appoint an attorney chairman to a panel within the prescribed one year and their claims are thereafter dismissed by the PCF.

. After the district court sustained the defendants’ exceptions and signed the judgment on July 11, 2013, the Keatings filed a motion for new trial, motion to vacate judgment, petition for declaratory judgment, and peremptory exception of failure to join indispensable party, which the district court denied on July 19, 2013, The Keatings applied for supervisory writs with this court. We granted the writ for the limited purpose of remanding this matter to the district court with instructions to grant the Keatings a devolutive appeal pursuant to the July 11, 2013 judgment, which is a final, appealable judgment. Clyde Keating and Carol Keating v. Paul Van Deventer, M.D., John Kessels, M.D., and St. Tammany Parish Hospital, 13-CW-1420 (La.App. 1 Cir. 11/18/13) (unpublished); see In re Howard, 541 So.2d 195 (La.1989).

. The Keatings state that prescription is not an issue in this case, and, as reflected above, the clear and unambiguous language of La. R.S. 40:1299.47(A)(2)(c) expressly states that dismissal of the review panel proceedings by the PCF in this matter on March 4, 2013, legally "waived the use of the medical review panel” by both parties and "triggered,” or initiated, the 90-day prescriptive period set forth by La. R.S. 40:1299.47(A)(2)(c).

. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. art. 3863. However, a writ of mandamus may only be issued in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. La. C.C.P. art. 3862. In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. Plaisance v. Davis, 03-0767 (La.App. 1 Cir. 11/07/03), 868 So.2d 711, 718, writ denied, 03-3362 (La.2/13/04), 867 So.2d 699.

. This Court notes the view of several judges of this circuit who have previously suggested that the Legislature, when it said, "the parties shall be deemed to have waived the use of the medical review panel,” actually intended that to be a rebuttable presumption. Not to belabor the point, but if the above constitutes any type of presumption by the Legislature, then this Court holds that the Legislature intended the "waiver" language to constitute a "conclusive presumption.” Admittedly, the Legislature could have used more definitive language.

. We pretermit discussion of the remaining errors assigned by the Keatings.