CRAIN, J.
*1110 The plaintiffs in this medical malpractice action appeal a summary judgment dismissing all claims against the remaining defendants. We affirm.
FACTS AND PROCEDURAL HISTORY
Salvador Faldetta was diagnosed with degenerative disc disease in his lumbar spine and sought treatment for prolonged low back pain with Dr. Mohamed A. Elkersh. At Dr. Elkersh's recommendation, Faldetta underwent transforaminal epidural steroid injections at L4, L5, and S1, administered by Dr. Elkersh at his clinic, Advanced Pain Institute Treatment Center. Post-procedure, Faldetta developed an infection in his lumbar spine at L4-L5 and possibly at L5-S1, referred to as "discitis." Shortly thereafter, as a result of a product recall, it was learned a solution used in the procedure may have been contaminated.
Faldetta and his wife, Elvie Faldetta, sued Main Street Family Pharmacy, L.L.C., which provided the solution used in the procedure. Faldetta also instituted a medical review panel proceeding against Dr. Elkersh and Advanced Pain Institute, L.L.C. After reviewing the evidence submitted, the medical review panel concluded Dr. Elkersh did not deviate from the standard of care in treating Faldetta. More specifically, the panel found Dr. Elkersh performed the procedure in a strict, sterile fashion; discitis is a known complication of a transforaminal epidural steroid injection; and there was no indication Dr. Elkersh deviated from the standard of care. The Faldettas then amended the petition filed against Main Street Family Pharmacy to include claims against Dr. Elkersh, alleging he negligently failed to ensure sterile conditions for the procedure, failed to ensure the medicine was not contaminated, improperly handled and stored the medicine, failed to train his staff to use the proper techniques for epidural injections, and injected the contaminated solution directly into, rather than outside, the lumbar disc.[1]
Because Elvie Faldetta was not a party to the medical review panel proceeding, Dr. Elkersh and Advanced Pain Institute filed an exception of prematurity as to her claims. That exception was sustained, and Elvie Faldetta's claims were dismissed without prejudice in a judgment signed August 24, 2015. The Faldettas ultimately settled all their claims against Main Street Family Pharmacy, which were then voluntarily dismissed.
Dr. Elkersh and Advanced Pain Institute filed a motion for summary judgment seeking dismissal of the remaining claims and asserting Faldetta could not meet his burden of proof. In support of the motion, movers submitted the opinion of the medical review panel, authenticated by the affidavit of the attorney chairman. At Faldetta's request, the hearing on the motion was continued to allow an opportunity to depose *1111 Dr. Chad Domangue, one of Faldetta's treating physicians. Dr. Domangue was deposed, and both parties submitted excerpts of his deposition in connection with the motion. Faldetta also submitted excerpts of medical records produced during discovery.[2]
At the hearing on the motion, the trial court found Faldetta failed to produce sufficient evidence to establish a breach of the standard of care and, in a judgment signed August 18, 2017, dismissed the claims against Dr. Elkersh and Advanced Pain Institute with prejudice. The Faldettas appeal, assigning as error the trial court's granting of the motion for summary judgment, and the trial court's August 24, 2015 judgment sustaining the exception of prematurity and dismissing Elvie Faldetta's claims without prejudice.
DISCUSSION
Motion for Summary Judgment
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show no genuine issue as to material fact and mover is *1112 entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966A(3). The summary judgment procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of every action. La. Code Civ. Pro. art. 966A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria governing the trial court's determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La. App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60.
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point to the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. Pro. art. 966D(1).
To establish a claim for medical malpractice, a plaintiff must prove, by a preponderance of the evidence, the standard of care applicable to the defendant, a breach of that standard of care, and a causal connection between the breach and the claimed injury. See La. R.S. 9:2794A; Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880, 883-84. Expert testimony is generally required to establish the applicable standard of care and whether it was breached, except where the negligence is so obvious that a lay person can infer negligence without the guidance of expert testimony. Samaha, 977 So.2d at 884 ; Pfiffner v. Correa , 94-0924 (La. 10/17/94), 643 So.2d 1228, 1233-34.
By submitting the opinion of the medical review panel, Dr. Elkersh and Advanced Pain Institute adequately pointed out an absence of factual support for one or more elements essential to Faldetta's claim. The burden thus shifted to Faldetta to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the movers are not entitled to judgment as a matter of law. See La. Code Civ. Pro. art. 966D(1); Samaha, 977 So.2d at 888-89 ; Ballard v. Plantation Management Company, LLC , 11-1229, 2012 WL 992097, at *3 (La. App. 1 Cir. 3/23/12), writ denied, 12-1233 (La. 10/8/12), 99 So.3d 16 ; Addis v. State, 08-1232, 2009 WL 838491, at *2 (La. App. 1 Cir. 3/27/09).
Given the nature of the subject claims, Faldetta's burden of proof is governed by the general rule requiring expert evidence to establish the applicable standard of care and a breach thereof. The allegations present complex medical issues requiring knowledge of proper sterilization protocols for an invasive procedure, namely, a spinal injection ; the appropriate techniques and parameters for performing the procedure; and the known risks of the procedure. The resolution of those issues is beyond the province of a lay person without the aid of expert testimony. See Schultz v. Guoth , 10-0343 (La. 1/19/11), 57 So.3d 1002, 1008-09.
Faldetta contends he produced sufficient expert evidence to satisfy his burden of proof. Specifically, he maintains the evidence allows for a reasonable inference that Dr. Elkersh breached the standard of care by penetrating one or more of Faldetta's spinal discs with the injection needle during the procedure. To reach that conclusion, Faldetta first points out the infection involved the interior part of his spinal discs, which, as Dr. Domangue explained, are encapsulated or contained structures. According to Dr. Domangue, the infection could enter the discs in one of two ways: either the needle with the contaminated solution penetrated the discs, or the infection migrated through disc tears associated with the degenerative disease. Arguing that all reasonable inferences should be made in his favor, Faldetta contends this evidence sufficiently establishes Dr. Elkersh penetrated the discs with the needle during the procedure.
While that may be a reasonable inference, Dr. Domangue did not testify that penetrating the discs is a breach of the standard of care. Dr. Domangue explained that while the epidural space adjacent to a disc is the target, the needle can penetrate too far and enter the disc, producing what is known as a "wet tap" or spinal fluid back-flowing into the syringe. While Dr. Domangue described that anatomical area as "a different ballpark," he did not know if a "wet tap" occurred in this case and, more importantly, never testified it constitutes a breach of the standard of care. He merely described the procedure and identified the risk to explain how the infection may have entered the discs. Although factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. See Willis v. Medders , 00-2507 (La. 12/8/00), 775 So.2d 1049, 1050 ; Guillory v. The Chimes , 17-0479 (La. App. 1 Cir. 12/21/17), 240 So.3d 193, ---- (2017 WL 6522995, p. 4) ; Ritchey v. State Farm Mutual Automotive Insurance Company , 17-0233 (La. App. 1 Cir. 9/15/17), 228 So.3d 272, 279. Absent evidence establishing the applicable standard of care or a breach thereof, Dr. Domangue's testimony is not sufficient to create a genuine issue of material fact.
Faldetta also argues the trial court erred by not applying the doctrine of res ipsa loquitur, which permits the factfinder to infer negligence from the circumstances of the event. See Linnear v. CenterPoint Energy Entex/Reliant Energy , 06-3030 (La. 9/5/07), 966 So.2d 36, 41 ;
*1113 Cangelosi v. Our Lady of the Lake Regional Medical Center , 564 So.2d 654, 665 (La. 1989). In cases involving only circumstantial evidence, the doctrine may be applicable if the trial court sequentially determines (1) the injury is of the kind that does not ordinarily occur in the absence of negligence, (2) the evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of the plaintiff or a third person, and (3) the alleged negligence of the defendant is within the scope of the defendant's duty to the plaintiff. Linnear , 966 So.2d at 43-44. The doctrine is not a substitute for factual evidence; it is applied after the factual evidence has been submitted, and then only if there is sufficient circumstantial evidence to suggest the only reasonable cause of the plaintiff's injury, in the context of a medical malpractice action, is the defendant's breach of the standard of care. Gisclair v. Bonneval , 04-2474 (La. App. 1 Cir. 12/22/05), 928 So.2d 39, 45.
The record indicates Faldetta's injury-discitis-can occur even in the absence of negligence. The medical review panel opinion confirms discitis is a known complication of a transforaminal epidural steroid injection. The written consent form signed by Faldetta identifies infection as a risk of the procedure. The evidence also fails to eliminate other more probable causes of the injury, most notably the purportedly contaminated solution provided by Main Street Family Pharmacy for use in the procedure. Based upon our de novo review, the trial court was correct in not applying the doctrine of res ipsa loquitur. See Gisclair , 928 So.2d at 45.
Faldetta alternatively asserts Dr. Elkersh failed to obtain his informed consent. In an action based on a failure to obtain informed consent, a plaintiff must prove the following four elements: (1) a material risk existed that was unknown to the patient, (2) the physician failed to disclose the risk, (3) disclosure of the risk would have led a reasonable patient in the patient's position to reject the medical procedure or choose another course of treatment, and (4) the patient suffered injury. See La. R.S. 40:1157.1 -1157.2; Snider v. Louisiana Medical Mutual Insurance Company , 13-0579 (La. 12/10/13), 130 So.3d 922, 929-30.
A claim for surgical malpractice and a claim for breach of the duty to obtain informed consent are distinct causes of action based upon different statutory duties. Raborn v. Albea , 16-1468 (La. App. 1 Cir. 5/11/17), 221 So.3d 104, 115 ; see also McGrew v. Waguespack , 14-0251 (La. App. 1 Cir. 12/30/14), 168 So.3d 690, 695 ; Lieux v. Mitchell , 06-0382 (La. App. 1 Cir. 12/28/06), 951 So.2d 307, 317, writ denied , 07-0905 (La. 6/15/07), 958 So.2d 1199. Although Louisiana does not require "theory of the case" pleading, to support recovery for lack of informed consent, the plaintiff's petition must set forth facts upon which such recovery can be based. See Raborn , 221 So.3d at 115-16 ; Lieux, 951 So.2d at 317. Faldetta's petition only alleges acts of medical negligence against Dr. Elkersh. The pleading neither references a claim for lack of informed consent nor asserts any facts supporting such a claim. The trial court did not err by not considering a claim that was not presented to the court. See Raborn , 221 So.3d at 115-16 ; Lieux , 951 So.2d at 317.
Lastly, Faldetta contends summary judgment is not appropriate because Dr. Elkersh failed to comply with Rule 9.10 of the Louisiana Rules for District Courts, which, in part, requires a memorandum in support of a motion for summary judgment to include a list of essential legal elements necessary for mover to be entitled to summary judgment, and a list of material facts the mover contends are not genuinely disputed. A trial court, in its discretion, may dispense with the strict *1114 application of the local rules when such is unnecessary to the resolution of a dispute. Jackson v. Suazo-Vasquez , 12-1377 (La. App. 1 Cir. 4/26/13), 116 So.3d 773, 779 ; Dan-Cin Construction Company, Inc. v. Thrasher , 08-1552 (La. App. 1 Cir. 2/13/09), 9 So.3d 205, 208. Based upon our review, Dr. Elkersh's memorandum sufficiently identifies the essential legal elements and undisputed facts as required by Rule 9.10, specifically Faldetta's failure to produce expert evidence establishing a breach of the applicable standard of care. See , 116 So.3d at 779. The assignments of error pertaining to the summary judgment are without merit.
Exception of Prematurity
In their final assignment of error, the appellants assert the trial court erred in sustaining an exception of prematurity and dismissing Elvie Faldetta's claims without prejudice. A judgment sustaining an exception of prematurity and dismissing a plaintiff's suit without prejudice is a final, appealable judgment. See La. Code Civ. Pro. art. 1915A(1); Keating v. Van Deventer , 14-0157 (La. App. 1 Cir. 9/19/14), 153 So.3d 1200, 1203, writs denied, 14-2188 (La. 1/9/15), 157 So.3d 1106 ; Houghton v. Our Lady of the Lake Hospital, Inc. , 03-0135 (La. App. 1 Cir. 7/16/03), 859 So.2d 103, 105. The judgment dismissing Elvie's claims was signed August 24, 2015. Notice of the judgment was mailed August 27, 2015. Elvie did not appeal the judgment. When an appellant fails to timely appeal a final judgment, the judgment acquires the authority of a thing adjudged, and a court of appeal has no jurisdiction to alter the judgment. See Tolis v. Board of Supervisors of Louisiana State University , 95-1529 (La. 10/16/95), 660 So.2d 1206, 1206-07 (per curiam ); Lay v. Stalder , 99-0402 (La. App. 1 Cir. 3/31/00), 757 So.2d 916, 919. Lacking jurisdiction to review the August 24, 2015 judgment, we do not consider the assignment of error directed thereto.
CONCLUSION
The August 18, 2017 summary judgment is affirmed. All costs of this appeal are assessed to Salvador and Elvie Faldetta.
AFFIRMED.

The amending petition also added Advanced Pain Institute, L.L.C. and Advanced Pain Institute Treatment Center, L.L.C. as defendants. The claims against the latter were dismissed without prejudice in a judgment sustaining an exception of prematurity.

No objections were made to any exhibits. Thus, under our de novo review, we consider all exhibits filed in connection with the motion. See La. Code Civ. Pro. art. 966D(2).